IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KADENA SMITH-FLEMING<br>3632 N. 15th St.<br>Philadelphia, PA 19140<br><br>*Plaintiff,*<br><br>vs.<br><br>TEMPLE HEALTH LLC<br>3401 N. Broad St.<br>Philadelphia, PA 19140<br><br>*Defendant.* | CIVIL ACTION NO:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Kadena Smith-Fleming ("Plaintiff" or "Smith"), by and through her undersigned counsel, by way of Complaint against Temple Health LLC ("Defendant" or "Temple"), states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against Defendant for violations of the Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act.

2. Plaintiff, an African-American woman over 40 years old, was repeatedly written up for alleged attendance issues, but in truth, those write-ups were pretextual in order to prevent Plaintiff from being promoted to a position as a registered nurse.

3. Defendant routinely would ignore similar attendance issues for white and/or younger employees, both in terms of issuing discipline and in terms of promotion.

4. Plaintiff became qualified for a promotion to registered nurse in March 2025 but was not promoted until very recently as a result of Temple's unlawful conduct.

**PARTIES**

5. Plaintiff is an adult individual residing at 3632 N. 15th St., Philadelphia, PA 19140.

6. Upon information and belief, Temple Health is a Pennsylvania limited liability company with its headquarters and principal place of business at 3401 N. Broad Street, Philadelphia, PA 19140.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff asserts claims for relief under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

8. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391, as the events and/or omissions giving rise to Plaintiff's claims occurred in this District.

9. On or about September 9, 2025, Plaintiff filed a complaint with the Equal Employment Opportunity Commission.

10. On or about February 5, 2026, the EEOC dismissed Plaintiff's Complaint and issued a right-to-sue letter.

**BACKGROUND**

11. Plaintiff has been employed by Chestnut Hill Hospital since December 2021 as a Licensed Practical Nurse ("LPN"). Temple Health acquired Chestnut Hill Hospital in 2023.

12. In November 2024, Plaintiff was written up for four attendance points by her manager, Melissa Leach.

13. These attendance points were not proper since much of her absence was due to the fact that she was receiving workers' compensation for injuries sustained while working as an LPN.

14. Nevertheless, Plaintiff was issued a written warning.

15. While working as an LPN, Plaintiff was also in the process of obtaining her associate degree, and in March 2025, she took the board exam to become a Registered Nurse ("RN").

16. Registered nurse is considered a promotion from LPN and RN's are paid a higher salary and have greater responsibilities than LPN's.

17. Plaintiff passed the exam on the first try.

18. It is Temple's normal procedure to promote LPN's to RN's immediately upon passing the exam.

19. However, Temple refused to promote Plaintiff and stated it was refusing to do so because of Plaintiff's attendance points.

20. Temple's stated bases were entirely pretextual.

21. There have been other Temple Health employees who have been written up for attendance issues, but they have been promoted in spite of that.

22. Those individuals are younger than Plaintiff and Caucasian.

23. Plaintiff is 49 years old and African American.

24. Temple's refusal to promote Plaintiff, aside from harming her financially, has also put her in a very difficult position professionally.

25. Because Plaintiff holds an RN certification, she is able to perform certain job functions that an LPN cannot. However, until very recently, Plaintiff was not considered an RN

3

by Temple, and she was prohibited from performing those job functions. This is problematic from an ethical standpoint because she was prohibited from providing patient care that she was qualified to provide.

26. Temple refused to promote Plaintiff because of her age and/or race.

27. Plaintiff was finally promoted on February 15, 2026, after nearly one year had passed since she first became qualified to work as an RN.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## RACE DISCRIMINATION

28. Plaintiff incorporates all previous paragraphs as if set forth fully herein.

29. As set forth above, Plaintiff is African American.

30. Plaintiff was qualified to work as an RN due to having passed the necessary exams. Indeed, Plaintiff from that point was ethically obligated to provide the care that an RN is expected to provide.

31. Temple Health refused to promote Plaintiff to RN upon her passing the exam.

32. Temple Health has overlooked attendance issues when it comes to Caucasian employees and promotions to RN.

WHEREFORE, Plaintiff Kadena Smith-Fleming respectfully requests judgment in her favor and against Respondent Temple Health LLC for direct, consequential, incidental, and punitive damages, together with costs and attorneys' fees and such other relief that this Court deems just and equitable.

## COUNT II
## AGE DISCRIMINATION AND EMPLOYMENT ACT

33. Plaintiff incorporates all previous paragraphs as if set forth fully herein.

34. As set forth above, Plaintiff is over the age of 40.

35. Plaintiff was qualified to work as an RN due to having passed the necessary exams. Indeed, Plaintiff from that point was ethically obligated to provide the care that an RN is expected to provide.

36. Temple refused to promote Plaintiff to RN upon her passing the exam.

37. Temple has overlooked attendance issues when it comes to younger employees and promotions to RN.

WHEREFORE, Plaintiff Kadena Smith-Fleming respectfully requests judgment in her favor and against Respondent Temple Health LLC for direct, consequential, incidental, and punitive damages, together with costs and attorneys' fees and such other relief that this Court deems just and equitable.

## COUNT III
## VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RACE AND AGE DISCRIMINATION, 43 P.S. § 955 *et seq.*

38. Plaintiff incorporates all previous paragraphs as if set forth fully herein.

39. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, an employer may not discriminate against an employee due to his or her race or age.

40. Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act.

41. Temple is Plaintiff's employer, and thereby subject to the strictures of the Pennsylvania Human Relations Act.

42. As set forth above, Temple's conduct against Plaintiff constitutes race and age discrimination and is therefore in violation of the Pennsylvania Human Relations Act.

43. As a result of Temple's conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits as well as emotional damage.

WHEREFORE, Plaintiff Kadena Smith-Fleming respectfully requests judgment in her favor and against Respondent Temple Health LLC for direct, consequential, incidental, and punitive damages, together with costs and attorneys' fees and such other relief that this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

*/s/ Aaron L. Peskin*
Aaron L. Peskin, Esquire (Attorney ID #206995)
**Kang Haggerty LLC**
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
T: 215.525.5850
F: 215.525.5860
*Attorneys for Plaintiff, Kadena Smith-Fleming*

Dated: March 12, 2026