IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KADENA SMITH-FLEMING,            :
    *Plaintiff,*            :
                :
    v.            :    **CIVIL ACTION NO. 26-1578**
                :
TEMPLE HEALTH LLC,            :
    *Defendant.*            :

**MEMORANDUM**

**KENNEY, J.**                                                  **JUNE 15, 2026**

On March 12, 2026, Plaintiff Kadena Smith-Fleming initiated this action against her employer, Defendant Temple Health LLC, asserting claims of race- and age-based discrimination in violation of both federal and state statutes. *See* ECF No. 1. Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion" or "Motion to Dismiss") on May 1, 2026. *See* ECF No. 11. Plaintiff opposes dismissal. *See* ECF No. 12. For the reasons set forth below, the Court will **DENY** Defendant's Motion (ECF No. 11), and permit each of Plaintiff's claims to proceed to discovery.

I.    **BACKGROUND**

    A.  **Factual Background**

Plaintiff is a 49-year-old African American woman. ECF No. 1 ¶¶ 2, 23. She began her employment with Chestnut Hill Hospital in December 2021 as a licensed practical nurse. *Id.* ¶ 11.[1] Due to attendance issues, "[i]n November 2024, Plaintiff was written up for four attendance points by her manager[.]" *Id.* ¶ 12; *see also id.* ¶ 2. Plaintiff alleged that she was improperly issued attendance points because "much of her absence was due to the fact that she was receiving

---

[1] Defendant acquired Chestnut Hill Hospital in 2023. ECF No. 1 ¶ 11.

workers' compensation for injuries sustained while working as" a licensed practical nurse; nevertheless, she "was issued a written warning." *Id.* ¶¶ 13–14.

In March 2025, Plaintiff took and passed the board exam to become a registered nurse. *Id.* ¶¶ 15, 17. Registered nurses are "paid a higher salary" and have more responsibilities than licensed practical nurses. *Id.* ¶ 16. Defendant's "normal procedure" is to promote licensed practical nurses to registered nurses "immediately upon passing" the requisite board exam. *Id.* ¶ 18. However, Defendant refused to immediately promote Plaintiff—despite her passing the exam—citing Plaintiff's attendance points. *Id.* ¶ 19. According to Plaintiff, Defendant's purported bases for refusing to immediately promote her were "entirely pretextual" and Defendant was discriminating against her based on her race and age. *Id.* ¶ 20; *see also id.* ¶¶ 2, 26. In support of her discrimination claim, Plaintiff alleged that other younger, Caucasian employees of Defendant have been promoted to registered nurse positions despite attendance issues. *Id.* ¶¶ 21–22, 32, 37.

Defendant did not promote Plaintiff to a registered nurse position until February 15, 2026—nearly one year after she passed her board exam. *Id.* ¶ 27. Plaintiff alleged that Defendant's refusal to immediately promote her was "problematic from an ethical standpoint" because she was prevented from performing the job functions of a registered nurse and providing certain patient care, despite being qualified to do so. *Id.* ¶ 25. In addition, Defendant's failure to immediately promote Plaintiff harmed her from both a financial and professional standpoint. *Id.* ¶ 24.

**B. Procedural History**

On March 12, 2026, Plaintiff filed a Complaint in the Eastern District of Pennsylvania asserting three causes of action for (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); (2) age discrimination in violation of the Age Discrimination and Employment Act ("ADEA") (Count II); and (3) racial and age discrimination

in violation of the Pennsylvania Human Relations Act ("PHRA") (Count III).  *See* ECF No. 1 ¶¶ 28–43.

On May 1, 2026, Defendant moved to dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6), arguing that Plaintiff failed to plead sufficient facts in support of her discrimination claims.  *See* ECF No. 11 at 6.  Specifically, as to both her racial and age discrimination claims, Defendant contests whether Plaintiff was qualified for the registered nurse position at the time that she sought a promotion.  *Id.* at 6–7, 10.  Moreover, Defendant argues that Plaintiff did not adequately plead an inference of discrimination in connection with Defendant's failure to immediately promote her to a registered nurse position.  *Id.* at 7–10.  According to Defendant, Plaintiff primarily relies "on her subjective and conclusory belief that her race must have been the reason" that she was initially denied a promotion.  *Id.* at 8.  Defendant further contends that Plaintiff's age discrimination claims suffer from the same defect: Plaintiff failed to plead sufficient facts suggesting "her age played any role . . . in Defendant's decision."  *Id.* at 10.

On May 14, 2026, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss (the "Opposition").  *See* ECF No. 12.  In her Opposition, Plaintiff argues that Defendant "seeks dismissal by improperly imposing a heightened pleading standard" and by "attempt[ing] to litigate factual disputes, weigh competing inferences, and resolve issues of pretext" in advance of discovery.  *Id.* at 2–3.  Plaintiff points out that she expressly alleged she had passed the requisite board exam and was qualified to be a registered nurse.  *Id.* at 6–7.  In addition, Plaintiff contends that she plausibly alleged facts raising an inference of discriminatory conduct, and "place[d] Defendant on notice of the claims asserted" against it.  *Id.* at 5.  Plaintiff claims that the allegations in her Complaint "plausibly support an inference that Defendant inconsistently enforced its

attendance-related standards and treated Caucasian [and younger] employees more favorably under similar circumstances." *Id.* at 6; *see also id.* at 7.

On May 22, 2026, Defendant filed a Reply in Support of its Motion to Dismiss, in which it generally reiterates that Plaintiff's Complaint "is devoid of factual content sufficient to support a plausible inference of discrimination." ECF No. 13 at 1. Defendant's Motion is fully briefed and before this Court.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of a complaint. When evaluating a motion to dismiss, the Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citation omitted). Conclusory allegations "are not entitled to the assumption of truth." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citation omitted). To survive a Rule 12(b)(6) motion to dismiss, a claim must state a "plausible entitlement to relief[,]" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007). While a plaintiff need not plead "detailed factual allegations," Federal Rule of Civil Procedure 8(a)(2) necessitates "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Put another way, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of the plaintiff's claims. *Connelly*, 809 F.3d at 789 (internal quotations and citation omitted); *see also Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009))).  The determination of facial plausibility is by nature "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Connelly*, 809 F.3d at 786–87 (internal quotations and citation omitted).  "At the motion to dismiss stage, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Oxford House, Inc. v. Twp. of North Bergen*, 158 F.4th 486, 491 (3d Cir. 2025) (internal quotations and citations omitted).

## III.    <u>DISCUSSION</u>

Defendant moved to dismiss Counts I, II, and III from Plaintiff's Complaint pursuant to Rule 12(b)(6).  *See* ECF No. 11.  For the following reasons, the Court finds that Plaintiff pleaded sufficient facts to raise a plausible entitlement to relief for her race- and age-based discrimination claims.  Accordingly, the Court will deny Defendant's Motion (ECF No. 11) and allow Counts I, II, and III to proceed to discovery.

### A.  **Plaintiff Sufficiently Pleaded Her Race-Based Discrimination Claims (Counts I and III)**

First, Defendant moved to dismiss Counts I and III on the basis that Plaintiff did not "plead facts sufficient to satisfy the elements of a *prima facie* case of race-based discrimination under Title VII or the PHRA."  ECF No. 11 at 6.  Specifically, Defendant argues that Plaintiff was not qualified to be a registered nurse at the time that she requested a promotion due to her attendance issues.  *Id.*  Moreover, according to Defendant, Plaintiff did not plead "any factual allegations supporting an inference that race played any role in Defendant's decision."  *Id.* at 8.  In her Opposition, Plaintiff argues that she plausibly alleged race-based discrimination claims, and that Defendant "attempts to impose a heightened pleading standard inconsistent with Rule 8" and governing case law.  ECF No. 12 at 5.

The standards for establishing racial discrimination claims under the PHRA "fall under the same analytical framework" as Title VII claims, so the Court will analyze Plaintiff's PHRA claim in tandem with her Title VII claim. *Qin v. Vertex, Inc.*, 100 F.4th 458, 470 (3d Cir. 2024); *see also Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 n.2 (3d Cir. 2009) ("The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably." (internal quotations and citation omitted)). Under Title VII, employers are prohibited from discriminating against any employee "because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1); *see also E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448–49 (3d Cir. 2015). The PHRA similarly makes it illegal for an employer to discriminate against an individual on the basis of race. *See* 43 Pa. Stat. § 955(a).

A plaintiff may bring a Title VII claim under either a "pretext theory" or a "mixed-motive theory." *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted). At the pleading stage, a plaintiff is not obligated to choose which theory she is proceeding under. *Id.* at 791. Title VII claims proceeding under a pretext theory are analyzed pursuant to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), wherein: (1) the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination; (2) if the plaintiff demonstrates a *prima facie* case, the burden then shifts to the employer to articulate "a legitimate nondiscriminatory reason for its employment action[;]" and, finally, (3) if the employer presents "such a reason, the burden shifts back to" the plaintiff to prove that the employer's cited reasons were "mere pretext for actual discrimination." *Id.* at 787 n.5.[2]

---

[2] Plaintiff alleged that Defendant's stated basis for delaying her promotion—attendance issues— were "entirely pretextual." ECF No. 1 ¶¶ 19–20. Defendant argues that Plaintiff alleged only a "naked assertion of pretext." ECF No. 11 at 7. At this stage, Plaintiff did not have to show pretext;

To demonstrate a *prima facie* case of racial discrimination absent direct evidence, a plaintiff needs to establish: (1) membership in a protected class; (2) qualification for the position; (3) that the plaintiff "suffered an adverse employment action;" and (4) that "the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Qin*, 100 F.4th at 473 (internal quotations and citation omitted) (emphasis omitted); *see also Rice v. Sec'y U.S. Navy*, No. 24-2815, 2025 WL 3707766, at *3 (3d Cir. Dec. 22, 2025) (same). Demonstrating an adverse employment action requires a plaintiff to "show some harm respecting an identifiable term or condition of employment." *Muldrow v. City of St. Louis*, 601 U.S. 346, 355 (2024). To survive a Rule 12(b)(6) motion, "a complaint need not establish a *prima facie* case." *Connelly*, 809 F.3d at 788; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (explaining that "it is sufficient to allege a prima facie case[,] . . . [b]ut it is not necessary" to do so at the motion-to-dismiss stage); *Peebles v. Chain IQ Ams. Inc.*, No. 25-1419, 2026 WL 281174, at *1 (3d Cir. Feb. 3, 2026) ("[T]he judicially crafted burden-shifting framework set forth in *McDonnell Douglas Corp.* . . . is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim." (internal quotations and citations omitted)); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 512 (2002) (cautioning that the *McDonnell Douglas* framework is "not a pleading requirement" and was not "intended to be rigid, mechanized, or ritualistic"). Rather, Plaintiff's factual allegations need only "raise a reasonable

---

"[i]t suffices for [Plaintiff] to plead facts that, construed in her favor, state a claim of discrimination that is plausible on its face." *Connelly*, 809 F.3d at 791 (internal quotations and citation omitted); *see also Real-Loomis v. Bryn Mawr Tr. Co.*, No. 20-cv-0441, 2021 WL 1907487, at *4 n.5 (E.D. Pa. May 12, 2021) ("[F]or purposes of the instant 12(b)(6) analysis, she need not establish by a preponderance of evidence that [d]efendant's purported reason for terminating [p]laintiff's employment was a pretext for discriminatory conduct.").

expectation that discovery will reveal evidence of the necessary elements" of her racial discrimination claims. *Connelly*, 809 F.3d at 789 (internal quotations and citation omitted).

Here, the parties do not dispute whether Plaintiff sufficiently alleged facts demonstrating the first and third prongs. Plaintiff alleged that she is a member of a protected class, and that she suffered an adverse employment action when Defendant failed to immediately promote her to a registered nurse position upon passing the board exam, which harmed her financially and professionally. *See* ECF No. 1 ¶¶ 2, 19, 23–26, 29, 31, 43. Defendant principally contests whether Plaintiff pleaded enough facts to demonstrate the second and fourth elements: qualification for the registered nurse position and circumstances raising an inference of discriminatory intent. *See* ECF No. 11 at 6–7.

### 1. *Plaintiff Pleaded Adequate Facts to Demonstrate Qualification*

First, Defendant argues that Plaintiff's race-based discrimination claims should be dismissed on the basis that she was not qualified for the registered nurse position when she applied due to her attendance issues. *Id.* at 6. But Defendant ignores that Plaintiff expressly alleged she was "qualified for a promotion to registered nurse in March 2025" after she successfully passed the board exam. ECF No. 1 ¶ 4; *see also id.* ¶¶ 15, 17–18, 25, 27, 30. Indeed, Plaintiff further alleged that it was ethically problematic for Defendant to prohibit her from providing care as a registered nurse despite being qualified to do so. *Id.* ¶ 25. Taking Plaintiff's factual allegations as true and "draw[ing] all reasonable inferences" in her favor, as the Court is required to do at this stage, *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 91 (3d Cir. 2010), Plaintiff's Complaint contains enough facts to raise a reasonable expectation that discovery will yield evidence that she was qualified for the registered nurse position. Defendant's contention that her attendance issues rendered her unqualified to be promoted raises a factual dispute that is not properly resolved at the pleading stage and that would require the Court to impermissibly draw an

adverse inference against Plaintiff. *See, e.g.*, *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) ("The proper place to resolve factual disputes is not on a motion to dismiss, but on a motion for summary judgment."); *Anthony v. Seltzer*, 696 F. App'x 79, 83 (3d Cir. 2017) ("[D]isputes of fact are to be resolved only after discovery").

### 2.   *Plaintiff Pleaded Adequate Facts to Raise an Inference of Discrimination*

Second, Defendant argues that Plaintiff failed to plead sufficient facts to support an inference of racial discrimination in connection with Defendant's decision to deny her an immediate promotion. *See* ECF No. 11 at 7.

An inference of discriminatory motive can be demonstrated by various means, such as through circumstantial evidence, "comparator evidence, evidence of similar racial discrimination of other employees, or direct evidence of discrimination from statements or actions by [] supervisors suggesting racial animus." *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 n.2 (3d Cir. 2010). Plaintiffs can show an inference of discrimination by identifying "similarly situated individual[s] outside of the protected class, who engaged in the same conduct but [were] treated more favorably." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 170 (3d Cir. 2013). However, at the pleading stage, a plaintiff "is not required to identify any comparators who have received more favorable treatment than the plaintiff." *Sheehan v. Everstory Partners*, 815 F. Supp. 3d 357, 375 (E.D. Pa. 2025) (internal quotations and citation omitted). A plaintiff need only allege facts that "raise a reasonable expectation that discovery will uncover proof of" discriminatory motive. *Connelly*, 809 F.3d at 789; *see also Robinson v. Am. Reading Co.*, No. 24-cv-5608, 2025 WL 1243058, at *5 (E.D. Pa. Apr. 29, 2025) (explaining that a plaintiff "is not required to identify specific comparators at [the motion-to-dismiss] stage," but "must allege some facts that could give rise to a plausible inference of discrimination surrounding the adverse employment action").

Here, Plaintiff alleged that it is Defendant's "normal procedure to promote [licensed practical nurses] to [registered nurses] immediately upon passing the exam." ECF No. 1 ¶ 18. Plaintiff passed the board exam in March 2025, which rendered her "qualified to work as [a registered nurse]." *Id.* ¶ 27; *see also id.* ¶¶ 4, 15, 17, 25, 27, 30, 40. However, Defendant did not promote Plaintiff to a registered nurse position until February 15, 2026, citing Plaintiff's attendance issues. *Id.* ¶¶ 19, 27, 31. Plaintiff further alleged that Defendant "routinely . . . ignore[d] similar attendance issues for white . . . employees, both in terms of issuing discipline and in terms of promotion." *Id.* ¶ 3; *see also id.* ¶¶ 21–22. Specifically, Defendant "has overlooked attendance issues when it comes to Caucasian employees and promotions to [registered nurse]." *Id.* ¶ 32. These factual allegations of Defendant's disparate treatment of its Caucasian and African American licensed practical nurses sufficiently "raise a reasonable expectation that discovery will uncover proof of" discriminatory motive. *Connelly*, 809 F.3d at 789.

In its Motion, Defendant raises a number of arguments in support of its contention that Plaintiff's Complaint failed to plead an inference of discriminatory motive, none of which are persuasive. First, Defendant asserts that Plaintiff did not "allege[] a single comment, remark, or action" made by any decisionmaker relating to her race. ECF No. 11 at 8; *see also* ECF No. 13 at 2. Defendant fails to invoke any authority indicating that discriminatory comments, remarks, or actions are a prerequisite to pleading a Title VII claim centered around circumstantial evidence. To the contrary, Plaintiff did not have the burden of pleading that an employee of Defendant "made an overt racist remark against" her. *Shropshire v. Wheeler*, 858 F. App'x 580, 583 (3d Cir. 2021) (per curiam). Instead, "[t]he law recognizes that racial animus can be covered up with pretextual reasons for punishing or firing a worker, and thus allows claimants to use circumstantial evidence to show discrimination." *Id.* Accordingly, all that is required is "at least some factual material

from which a plausible inference of discrimination can be drawn." *Id.*; *cf. Gibbs v. City of Pittsburgh*, 989 F.3d 226, 230 (3d Cir. 2021) ("To plausibly allege discrimination, [the plaintiff] does not have to have detailed evidence. For now, he need only give [defendant] fair notice of his claim"). Plaintiff's factual allegations meet this standard.

Second, Defendant argues that Plaintiff's "comparator allegations" are "threadbare" and do not sufficiently establish that other employees were similarly situated to her. ECF No. 11 at 8; *see also* ECF No. 13 at 5 ("Plaintiff has not alleged any comparator's identity, age, job title, reporting structure, relevant decisionmaker, analogous discipline, or specific employer").

Again, Defendant overstates Plaintiff's burden at this stage of the proceedings. While "comparator employees need not be identical[,]" they should be similar to the plaintiff in "all material respects." *Qin*, 100 F.4th at 474 (citation omitted). Courts often consider factors such as whether the comparators "dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct" as the plaintiff, absent distinguishing factors. *Opsatnik v. Norfolk S. Corp.*, 335 F. App'x 220, 223 (3d Cir. 2009) (internal quotations and citation omitted); *see also Qin*, 100 F.4th at 474 (similar). Determining whether comparator employees are sufficiently similar to a plaintiff requires a court to "conduct 'a fact-intensive inquiry on a case-by-case basis rather than in a mechanistic and inflexible manner.'" *Glasson v. Citizens Bank of Pa.*, No. 21-2321, 2022 WL 4077128, at *1 (3d Cir. Sept. 6, 2022) (quoting *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 305 (3d Cir. 2004)); *see also Martinez*, 986 F.3d at 267 (explaining that a decision as to whether the individuals that a plaintiff has proffered "are relevant comparators" is more appropriately reserved for summary judgment or trial).

Plaintiff alleged that Defendant's "normal procedure" is to immediately promote licensed practical nurses to registered nurses upon passing the requisite board exam. ECF No. 1 ¶ 18. With

respect to comparators, Plaintiff alleged that Caucasian employees who were employed by Defendant, had attendance issues, and sought promotions to registered nurse positions received them, *see* ECF No. ¶¶ 21–22, 32; yet when Plaintiff—who also had attendance issues—sought to be promoted to a registered nurse position, she was denied a promotion for almost one year, *see id.* ¶¶ 18–19, 27, 31; *see also id.* ¶ 32 (Defendant "has overlooked attendance issues when it comes to Caucasian employees and promotions to [registered nurse].").  Plaintiff's allegations thus raise the reasonable inference that Caucasian employees "engaged in similar conduct" as Plaintiff and "were subject to the same standards," but were met with disparate treatment when it came to considering attendance issues in connection with promotions to registered nurse positions. *Opsatnik*, 335 F. App'x at 223 (internal quotations and citation omitted).  As alleged, the comparators that Plaintiff identified in her Complaint are sufficiently similar to her to survive Defendant's Rule 12(b)(6) motion.  *Id.* at 222–23; *Martinez*, 986 F.3d at 268 (finding that a plaintiff did not need to allege his replacements' "specialties or exact age gaps in his complaint" to plead an age discrimination claim); *Connelly*, 809 F.3d at 786 ("[D]etailed pleading is not generally required.").

Furthermore, it bears emphasizing that information Plaintiff may need in order to describe comparators in greater evidentiary detail is likely in Defendant's possession.  *See Martinez*, 986 F.3d at 267 ("Though [the plaintiff] is unlikely to know his replacements' exact ages and specialties until discovery, the hospital can look up this information in its records.").  Defendant presumably knows the identities and ethnicities of licensed practical nurses that have been promoted to registered nurse positions despite attendance issues (assuming there are, in fact, such individuals), and that information may come out through discovery.  *See id.* at 264 ("The hospital knows the younger doctors' exact ages and specialties, and discovery will let [the plaintiff] uncover those and

other details in time for summary judgment and trial."). Here, Plaintiff's "[C]omplaint does enough to put [Defendant] on notice"; in other words, Defendant "now knows enough to respond[,]" so dismissal is not warranted. *Id.* at 267.[3]

Third, in its Motion, Defendant cites a series of non-binding cases in which courts have dismissed race-based discrimination claims for purportedly "similarly deficient allegations of an inference of discrimination." ECF No. 11 at 8–9 (citing *Fisher v. Cath. Soc. Servs. of Archdiocese of Phila.*, No. 18-cv-04653, 2019 WL 3731688 (E.D. Pa. Aug. 8, 2019); *Magerr v. City of Phila.*, No. 15-cv-4264, 2016 WL 1404156 (E.D. Pa. Apr. 11, 2016); *Richardson v. CSL Plasma*, No. 25-cv-5143, 2025 WL 3214775 (E.D. Pa. Nov. 18, 2025); *Vanderveer v. Fedex Ground Package Sys., Inc.*, No. 16-cv-1979, 2017 WL 467631 (E.D. Pa. Feb. 3, 2017)).

---

[3] Defendant attempts to distinguish *Martinez* by arguing that Plaintiff did not specifically identify the names or identities of her comparators, whereas the plaintiff in *Martinez* "name[d]" the two younger doctors that replaced him. *See* ECF No. 13 at 4–5. In *Martinez*, the Third Circuit did not purport to require that plaintiffs identify comparators by name in order to plead an inference of discriminatory conduct. *See* 986 F.3d at 267–68. Rather, the *Martinez* court emphasized that the plaintiff's allegation that "his replacements were 'significantly younger[]'" than he "was enough[;]" the plaintiff "did not also have to allege their specialties or exact age gaps in his complaint." *Id.*

Defendant also attempts to distinguish the allegations at issue in *Connelly*, *see* ECF No. 13 at 4, but those allegations are similar to the ones at issue in this case in many respects. In *Connelly*, the plaintiff alleged that her previous employer recalled six male drivers, two of whom had less union seniority than the plaintiff, without recalling the plaintiff (a female driver), and did not employ any other female drivers. 809 F.3d at 791. Those allegations were enough to "raise a reasonable expectation that discovery will reveal evidence that [the plaintiff's] protected status as a woman played either a motivating or determinative factor in [the defendant's] decision not to rehire her." *Id.* Similarly, here, Plaintiff's allegations that Defendant promoted other Caucasian employees to registered nurse positions notwithstanding attendance issues, but did not promote her, an African American, is enough to meet her pleading burden with respect to an inference of discriminatory conduct. *See* ECF No. 1 ¶¶ 21–22, 32. Plaintiff's allegations suggest that the individuals were similarly situated, outside of her protected class, and treated more favorably—that is all that is necessary at this point.

Defendant's cases are all factually distinguishable.  For example, the *Fisher* court dismissed racial discrimination claims where a plaintiff did not plead either direct evidence of racial discrimination or "allege any instance where a similarly-situated non-African American employee received favorable treatment."  2019 WL 3731688, at *5.  Instead, the plaintiff only alleged that "'other similarly situated white employees' were given preferential treatment," without specifying "*how* they were similarly situated."  *Id.* (emphasis added) (citation omitted).  Similarly, the plaintiff in *Vanderveer* did not plead any facts "identify[ing] similarly situated individuals outside of her class that were treated better" or any facts "as to how others were treated better."  2017 WL 467631, at *5.  In connection with a heated argument with her supervisor, the plaintiff merely asserted that "she never saw Caucasian or male employees treated in a similar fashion" as her supervisor had treated her.  *Id.* at *4; *see also Richardson*, 2025 WL 3214775, at *3 (dismissing racial discrimination claims where a *pro se* plaintiff vaguely alleged that he was "being treated 'abrasively'" and "'harassed by [his] employer pertaining [to] race,'" and did not plead any facts suggesting an inference of discrimination (citation omitted)); *Magerr*, 2016 WL 1404156, at *8 (dismissing discrimination claims where a plaintiff alleged "boilerplate language" and did not identify "any employees who were similarly situated to [p]laintiff but were not members of the same protected class" (citation omitted)).  By contrast, here, Plaintiff's comparators were bolstered by facts demonstrating that Defendant promoted Caucasian employees to registered nurse positions despite attendance issues, but did not promote her under similar circumstances.  *See* ECF No. 1 ¶¶ 2–4, 18–19, 21–22, 32.  These facts adequately suggest that Plaintiff was similarly situated to these employees and raise an inference of discriminatory conduct.  Accordingly, Plaintiff's allegations "raise a reasonable expectation that discovery will" unearth evidence of her claims.  *Connelly*, 809 F.3d at 789.

14

In sum, Plaintiff has alleged enough facts to survive Defendant's Motion to Dismiss her race-based discrimination claims under Title VII and the PHRA, so those claims shall proceed to discovery.

**B. Plaintiff Sufficiently Pleaded Her Age-Based Discrimination Claims (Counts II and III)**

Next, Defendant moved to dismiss Counts II and III on the basis that Plaintiff failed to plead sufficient facts in support of her age-based discrimination claims. *See* ECF No. 11 at 9–10. Defendant raises similar arguments as it did for Plaintiff's race-based Title VII and PHRA claims, including that Plaintiff was not qualified for the registered nurse position when she requested a promotion, and did not plead facts suggesting that "younger, similarly situated employee[s] [were] treated more favorably." *Id.* at 10. In her Opposition, Plaintiff argues that she was qualified for the promotion, and that her factual allegations "plausibly support an inference of age-based disparate treatment sufficient to survive Rule 12(b)(6)." ECF No. 12 at 7. Plaintiff explains that, while she "ultimately must prove but-for causation to prevail, she is not required at the pleading stage to conclusively establish causation or disprove every alternative explanation." *Id.* at 8.

As with Title VII, the Third Circuit has found that the "same legal standard applies to age discrimination claims brought under the ADEA and PHRA," so the Court analyzes Plaintiff's age-based PHRA and ADEA claims "collectively." *Udasco-Kist v. Thomas Jefferson Univ. Hosp., Inc.*, No. 21-1146, 2022 WL 2805131, at *2 n.6 (3d Cir. July 18, 2022) (internal quotations and citation omitted); *see also Fasold v. Justice*, 409 F.3d 178, 184 n.8 (3d Cir. 2005) (interpreting "the ADEA and PHRA as applying identically . . . and as being governed by the same set of decisional law" (citation omitted)). The ADEA prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's age." 29 U.S.C. § 623(a)(1). Likewise, the PHRA prevents employers from discriminating against an individual based on their age. *See* 43 Pa. Stat. § 955(a).

In order to succeed on an ADEA claim, plaintiffs must ultimately "establish, by a preponderance of the evidence, that age was the 'but-for' cause of the adverse employment action." *Willis v. UPMC Child.'s Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)). At the summary judgment stage, plaintiffs who are relying on circumstantial evidence to establish age discrimination "must make out a prima facie case under *McDonnell Douglas*." *Martinez*, 986 F.3d at 266 (discussing what is required of ADEA plaintiffs at each stage of litigation). To demonstrate a *prima facie* case, a plaintiff alleging age-discrimination must show that "(1) he is at least forty, (2) he is qualified for the job, (3) he suffered an adverse employment action, and (4) he was replaced by (or passed over in favor of) someone else who was sufficiently younger so as to support an inference of a discriminatory motive." *Id.* (internal quotations and citation omitted). At the pleading stage, as explained above, "it is sufficient to establish a prima facie case" of age discrimination, "[b]ut it is not necessary" to do so. *Id.* Just as is the case for Title VII claims, plaintiffs asserting ADEA claims "need only allege enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element." *Id.* (internal quotations and citation omitted).

The parties do not dispute whether Plaintiff sufficiently alleged the first and third prongs. Plaintiff alleged that she is forty-nine years old, and that she suffered an adverse employment action vis-à-vis Defendant's failure to immediately promote her when she passed the board exam, which harmed her financially and professionally. *See* ECF No. 1 ¶¶ 2, 4, 16, 18–19, 23–25, 35–36. As with Plaintiff's race-based discrimination claims, Defendant contests whether Plaintiff has

16

pleaded enough facts to demonstrate the following two elements: qualification for the registered nurse position and an inference of discriminatory conduct. *See* ECF No. 11 at 9–10.

First, Defendant reiterates that Plaintiff was not qualified for the registered nurse position at the time that she requested a promotion "because of her active written warning for attendance issues." *Id.* at 10. However, as explained above, Defendant asks the Court to engage in a premature factual determination, which is inappropriate at this stage. Accepting Plaintiff's factual allegations as true, she sufficiently alleged that she "was qualified to work as [a registered nurse]" when she "passed the necessary exams." ECF No. 1 ¶ 35; *see also id.* ¶ 25 (alleging that "Plaintiff holds [a registered nurse] certification"); *id.* ¶¶ 4, 15, 17.

Second, Defendant contends that Plaintiff's Complaint is "bereft of facts sufficient to suggest that her age played any role, let alone the determinative 'but-for' role, in Defendant's decision" to delay her promotion. ECF No. 11 at 10 (citation omitted). In addition, Defendant argues that "Plaintiff has not alleged a single age-related remark or action by any decisionmaker, nor has she pled any facts establishing that a significantly younger, similarly situated employee was treated more favorably." *Id.*

For similar reasons as discussed above, Defendant's arguments fail. At the pleading stage, Plaintiff was not required to allege age-related remarks or actions by a supervisor in order to plead an age-based discrimination claim centered around circumstantial evidence. *Cf. Shropshire*, 858 F. App'x at 583. Here, as a comparator, Plaintiff alleged that Defendant "has overlooked attendance issues when it comes to younger employees and promotions to [registered nurse]." ECF No. 1 ¶ 37; *see also id.* ¶¶ 21–22 (alleging that other younger employees of Defendant "who have been written up for attendance issues . . . have been promoted in spite of that"). These factual allegations reasonably permit the Court to infer that these employees are similarly situated to

17

Plaintiff: they, too, were seeking promotions to a registered nurse position, had attendance issues, and worked for Defendant, but were treated more favorably than Plaintiff. As the *Martinez* court found, an allegation that "the men who replaced [the plaintiff] were 'significantly younger' than he was" led to an inference that was "enough to get to discovery." 986 F.3d at 267; *see also id.* at 266–67 (explaining that "factual allegations of age differences are enough" as "[d]iscovery should reveal the replacements' exact ages" and, in any event, "[t]he replacements' exact ages are not . . . legally mandated elements"). Therefore, Plaintiff did not need to plead additional factual detail with respect to comparators in order to raise an inference of discriminatory motive. "The factual allegations in [Plaintiff's] [C]omplaint state the heart of a prima facie case" of age discrimination as averred. *Id.* at 267.

Defendant again cites a series of cases that are factually inapposite. *See* ECF No. 11 at 10 (citing *Hebert v. Spring-Ford Area Sch. Dist.*, No. 25-cv-7140, 2026 U.S. Dist. LEXIS 808 (E.D. Pa. Jan. 5, 2026); *Barthold v. Briarleaf Nursing & Convalescent Ctr. Nursing Home*, No. 13-cv-2463, 2014 WL 2921534 (E.D. Pa. June 27, 2014); *Drummer v. Trs. of Univ. of Pa.*, 286 F. Supp. 3d 674 (E.D. Pa. 2017)). Two of Defendant's cases—*Barthold* and *Drummer*—were decided prior to the Third Circuit's clarification of the applicable pleading standards for ADEA cases in *Martinez*. *Cf. Rush v. Rice Energy*, No. 18-cv-136, 2018 WL 2022102, at *4 (W.D. Pa. May 1, 2018) ("With all due respect to [the *Barthold* court], [it] did not distinguish between motions to dismiss and motions for summary judgment."). Moreover, in *Barthold*, the plaintiff alleged only that "other similarly situated Caucasian and younger employees" were treated differently, without identifying any other facts regarding how those employees were similarly situated. 2014 WL 2921534, at *3. Defendant also relies on *Drummer* for the proposition that a "bare assertion" that a plaintiff "was replaced by a younger secretary" did not state a claim to relief. ECF No. 11 at 10

18

(quoting *Drummer*, 286 F. Supp. 3d at 682).  In light of the *Martinez* court's subsequent finding that an allegation that a replacement was "younger" *is* sufficient to raise a reasonable inference of discriminatory motive, *see* 986 F.3d at 267, *Drummer* holds minimal persuasive value.  As to *Hebert*, that court found that a *pro se* plaintiff *did* allege sufficient facts "for a discriminatory failure to hire claim" for two Technology Support positions based on his allegations that the defendant hired "two individuals in their thirties . . . for the Technology Support positions."  2026 U.S. Dist. LEXIS 808, at *7.  *Hebert* is thus of little assistance to Defendant, as that court deemed an allegation that younger individuals were hired over the plaintiff for a specific position sufficient to state an age discrimination claim.[4]  That is, in essence, what Plaintiff alleges here.

Accordingly, Plaintiff has pleaded enough facts to survive Defendant's Motion to Dismiss her age-based discrimination claims under the ADEA and the PHRA, so those claims will advance to discovery as well.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion (ECF No. 11), and allow Counts I, II, and III of Plaintiff's Complaint (ECF No. 1) to proceed to discovery.  An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

[4] The *Hebert* court found that Plaintiff did not state an age discrimination claim "based on his application for the Systems Administrator position because he [did] not allege that a significantly younger individual was hired for that position" in particular.  2026 U.S. Dist. LEXIS 808, at *7.  By contrast, here, Plaintiff expressly alleged that Defendant "has overlooked" younger employees' attendance issues "when it comes to . . . promotions to [registered nurse]."  *See* ECF No. 1 ¶ 37.